IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CORY PRUNTY                                                                                    PLAINTIFF


V.                                         CASE NO. 12-CV-6060


CITY OF HOT SPRINGS, Officer
MARK FALLIS, in his Individual and Official
Capacities, and Officer CALDWELL, in his
Individual and Official Capacities                                                          DEFENDANTS


## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 23). Defendants ask the Court to grant summary judgment in their favor as to each of Plaintiff's claims. Plaintiff has responded. (ECF No. 27). Defendants have filed a reply. (ECF No. 30). The matter is ripe for the Court's consideration. As explained below, Defendants' motion is granted.

### BACKGROUND

This action arises from three traffic stops involving Plaintiff and the Hot Springs Police Department. Plaintiff asserts that these traffic stops violated his constitutional rights under both the United States and the Arkansas constitutions and that he was subjected to malicious prosecution.

The first traffic stop occurred on November 27, 2011. Defendant Officer Mark Fallis ("Officer Fallis") stopped Plaintiff's vehicle because he believed Plaintiff was in violation of Ark. Code Ann. § 27-36-208. Section 27-36-208 prohibits a person from driving a vehicle with headlights that display the color blue. Officer Fallis observed the headlights on Plaintiff's vehicle on the night in question, and they appeared to be giving off a blue light. He cited Plaintiff for the

violation.

After receiving the citation, on December 12, 2011, Plaintiff complained to the Deputy City Attorney of Hot Springs about the incident. The Deputy City Attorney "nolle prossed" the citation and apparently told Plaintiff that he would "talk with Officer Fallis and the Sergeant" about the situation. (ECF No. 25-7).

On January 9, 2012, Plaintiff was pulled over again and cited for the same traffic violation. The same officer, Officer Fallis, stopped him because it appeared that Plaintiff's headlights were blue.

Plaintiff was stopped a third time on February 6, 2012. This time he was stopped by a different officer, Defendant Officer Caldwell ("Officer Caldwell"). Officer Caldwell cited Plaintiff for the same reason that Officer Fallis did twice before—his headlights appeared blue. Officer Caldwell testified in his deposition that he stopped Plaintiff's vehicle around 8:20 p.m. because "everything that [the headlights] shined upon was blue." (ECF No. 25-9).

On March 5, 2012, Plaintiff filed a complaint with the Hot Spring's Police Department alleging harassment. Two days later, he filed the present action. On March 17, 2012, the Hot Spring's City Attorney "nolle prossed" Plaintiff's citations for the January 9, 2012 and the February 6, 2012 incidents.

Plaintiff admits that he had the same headlights on his vehicle on all three occasions when he was stopped by Officers Fallis and Caldwell. When Plaintiff was asked in his deposition about the color of his headlights, he described them as a "bright white light; but the gas throws out off like a tint, like a outer side blue." (ECF No. 25-7).

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Plaintiff brings five claims related to the citations he received for driving with blue headlights. First, he claims that the officers violated his Fourth Amendment right to be free from

3

unreasonable seizures because, on each occasion that he was stopped, his headlights were white, not blue.[1] Second, he asserts that the officers retaliated against him in violation of his First Amendment rights and his right to remonstrate under the Arkansas Civil Rights Act ("ACRA") because he received the second and third citations after complaining to the Deputy City Attorney about his first encounter with Officer Fallis.[2] Third, Plaintiff contends that he was subjected to malicious prosecution because all three of his citations were eventually disposed of in his favor. Fourth, he argues that the officers' unconstitutional behavior was a product of the City of Hot Springs's unlawful policy and practice. Finally, Plaintiff maintains that the officers' unlawful behavior was the result of the City of Hot Springs's failure to properly train its officers.[3]

Each of these claims is centered on an issue of probable cause—that is, whether the officers had probable cause to issue the citations to Plaintiff for violating Ark. Code. Ann. § 27-36-208. *See e.g., PPS, Inc. v. Faulkner County, Ark.*, 630 F.3d 1098, 1107 (8th Cir. 2011) (for a plaintiff to succeed on a Fourth Amendment unlawful seizure claim, the offending officer must have a lack of probable cause); *Williams v. City of Carl Junction, Mo.,* 480 F.3d 871, 875 (8th Cir. 2007) (a plaintiff must prove a lack of probable cause for the underlying charge to sustain a First Amendment retaliation claim); *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 922 S.W.2d 327, 331 (Ark. 1996) (the "[a]bsence of probable cause is an essential element in a claim for malicious prosecution").

---

[1] In his Complaint (ECF No. 1), Plaintiff actually presents this claim as a violation of his right to due process under the Fourteenth Amendment. However, in his Brief in Support of Response to Defendants' Motion for Summary Judgment (ECF No. 28), he appears to concede that this claim is more appropriately analyzed under the Fourth Amendment as an unlawful seizure. Plaintiff does not assert that the manner in which the officers issued the citations was unreasonable. Rather, he claims that the basis for the stops in the first place constituted the unlawful seizure.

[2] It is still an open question whether the right to remonstrate protected by the ACRA provides the same amount, or more, protection to a person's speech than provided by the U.S. Constitution. *See Graham v. Cawthorn*, 213 Ark. 160 (Ark 2013). However, the parties concede, and the Court agrees, that the right to remonstrate closely resembles a First Amendment retaliation claim. Therefore, the Court addresses these claims together.

[3] In addition to these claims, the Court notes that Plaintiff initially asserted certain race-related claims, including a violation of his right to equal protection and selective enforcement of Arkansas's traffic laws. However, in his Response to Defendants' Motion for Summary (ECF No. 27), he expressly abandons these claims.

While Plaintiff's fourth and fifth claims—his policy-and-practice claim and his failure-to-train claim—do not encompass an express element requiring a lack of probable cause, they are directly tied to the probable cause analysis. These claims require Plaintiff to show that Defendants caused him to suffer an actual injury. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). In this case, the only injuries Plaintiff asserts include his Fourth Amendment, First Amendment, ACRA, and malicious prosecution injuries. If Plaintiff cannot establish a lack of probable cause with respect to those claims, then he has no actual injury to satisfy the elements of his policy-and-practice claim and failure-to-train claim. Because the Court finds that probable cause existed on all three occasions that Plaintiff received citations, his claims necessarily fail as a matter of law.

Generally, "a police officer who personally observes a traffic violation has probable cause to stop the vehicle and offending driver." *United States v. $404,905.00 in U.S. Currency*, 182 F.ed 643, 646 (8th Cir. 1999). Indeed, "[any] traffic violation—however minor—creates probable cause" for the officer to stop the vehicle. *United States v. Gregory*, 302 F.3d 805, 809 (8th Cir. 2002). The standard by which the court determines whether an officer's actions are justified is an objective one. *United States v. Mallari*, 334 F.3d 765, 766-67 (8th Cir. 2003). The officer must "objectively [have] a reasonable basis for believing that the driver has breached a traffic law." *Id.*

If the officer's belief is mistaken, it may nevertheless be objectively reasonable. *United States v. Sanders,* 196 F.3d 910, 913 (8th Cir. 1999). In fact, whether a person actually violated the relevant traffic law has little bearing on the probable cause analysis. *See id*. "The determination of whether probable cause existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time." *Id*.

5

It is the application of this point from the *Sanders* case that dooms Plaintiff's claims. Plaintiff argues that Officer Fallis and Officer Caldwell lacked probable cause because his headlights were not actually the color blue. This argument seems to suggest that the Court should apply hindsight vision as to what the officers observed on the nights in question. This is exactly what *Sanders*, 196 F.3d 913, counsels against. Plaintiff fails to rebut both officers' testimonies that, on the night of each incident, Plaintiff's headlights appeared to give off blue light. Plaintiff has no explanation for Officer Caldwell's statement that "everything that [the headlights] shined upon was blue." (ECF No. 25-9). He does not suggest that the officers were unreasonable in their beliefs that his headlights were blue. He simply argues that their beliefs were incorrect. In doing so, Plaintiff fails to identify any question of fact for a jury.

Plaintiff's own testimony also supports the reasonableness of the officers' beliefs that his headlights violated § 27-36-208. In his deposition, Plaintiff described his headlights as a "bright white light; but the gas throws out off like a tint, like a outer side blue." (ECF No. 25-7). In essence, Plaintiff concedes that his headlights give off light that has a blue tint to it. Therefore, it was not unreasonable for the officers to believe that the headlights were in violation of the Arkansas traffic law.

Upon considering the testimony of Officer Fallis, Officer Caldwell, and Plaintiff regarding the color of the headlights, the Court finds that the officers had probable cause, based on Ark. Code Ann. § 27-36-208, on all three occasions to issue citations to Plaintiff. Because Plaintiff cannot show a lack of probable cause, his Fourth Amendment claim, First Amendment retaliation claim, right-to-remonstrate claim under the ACRA, and malicious prosecution claim must fail as a matter of law. And because Plaintiff cannot otherwise establish that Officers Fallis and Caldwell caused him to suffer any injury, his policy-and-practice claim and failure-to-train

claim must fail as well. Accordingly, the Court finds that summary judgment is appropriate.

## CONCLUSION

For the reasons explained above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 23) should be and hereby is **GRANTED**.[4] Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of August, 2013.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] The Court is aware that Plaintiff has filed a Motion for Leave to File Supplemental Brief (ECF No. 32) approximately two weeks after the briefing for this matter closed. Plaintiff purports to supplement as an exhibit a memorandum issued by the Hot Springs City Attorney regarding his interpretation of the "blue light issue." (ECF No. 32-1). This memo was sent to the Hot Springs Police Department on February 22, 2012, well after Officers Fallis and Caldwell issued the three citations to Plaintiff for driving with blue headlights. Accordingly, the memo has no impact on the issue of probable cause discussed above. Furthermore, this purported evidence is untimely. Therefore, Plaintiff's motion is **DENIED**.